

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Domenic Cervoni
Direct Telephone: 212-912-2722
Direct Fax: 646-786-4516
domenic.cervoni@lockelord.com

November 20, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007



**Re:**    ***Nikolai Sarakhman v. Sumitomo Mitsui Finance and Leasing Company, Ltd.*,
Case No. 1:24-cv-05817 (JGLC)**

Dear Judge Clarke:

Locke Lord represents Defendant Sumitomo Mitsui Finance and Leasing Company, Ltd.
("SMFL") in connection with the above-referenced matter and writes to respectfully request that
the Court stay discovery pending resolution of SMFL's Motion to Dismiss the Complaint (Dkt.
No. 13) (the "Motion to Dismiss").[1] If granted, SMFL's Motion to Dismiss would dispose of the
entire case, eliminating the need for any discovery. Plaintiff Nikolai Sarakhman ("Sarakhman")
(together with SMFL, the "Parties") does not oppose this letter motion to stay discovery.

The Court should stay discovery pending a ruling on the Motion to Dismiss because: (1) the Motion
to Dismiss is fully dispositive of Sarakhman's Complaint (Dkt. No. 1) and demonstrates that
Sarakhman's claims lack merit; (2) a stay of discovery will be limited in time and will not prejudice
Sarakhman; and (3) conducting discovery while the Motion to Dismiss is pending would unduly
burden both Parties.

## I.    Applicable Standard

"District courts have discretion to stay discovery for 'good cause' pending resolution of a motion
to dismiss." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, M21-95, 2002 WL
88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see* Fed. R. Civ. P. 26(c). "Good cause may be shown where

---

[1] SMFL anticipated raising the request for a discovery stay at the November 22 initial pre-trial conference; however,
now that the Court has adjourned the conference to a later date, SMFL has promptly filed the request.

November 20, 2024
Page 2

a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In determining whether to stay discovery pending a dispositive motion, "courts typically consider several factors … including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (*quoting Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016)). This authority to stay discovery arises from federal courts' broad discretion to limit the scope, timing, and sequence of discovery. FED. R. CIV. P. 26(b)(1), (d)(3).

## II. The Court Should Stay Discovery Because There is Good Cause under Federal Rule of Civil Procedure Rule 26(c).

### a. The Motion to Dismiss is Fully Dispositive of Sarakhman's Complaint and Makes a Strong Showing that Sarakhman's Claims are Unmeritorious.

SMFL has filed a fully dispositive Motion to Dismiss that, if granted, would effectively end the action and eliminate any need for discovery. *See Spencer Trask*, 206 F.R.D. at 368 (staying discovery where the pending motion at issue contained "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"). A stay of discovery is particularly appropriate where, like here, the pending Motion to Dismiss is "potentially dispositive, and appears to be not unfounded in the law." *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (*quoting Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 (SJF) (WDW), 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014)); *Alapaha View*, 2021 WL 1893316, at *2 (granting stay of discovery where motion to dismiss was "potentially dispositive") (citation omitted).

A stay of discovery is further warranted because SMFL has made a strong showing for the dismissal of each of Sarakhman's causes of action under Federal Rule of Civil Procedure 12(b)(6). As set forth in detail in SMFL's Memoranda of Law in Support of its Motion to Dismiss, to which SMFL respectfully refers the Court:

- Count I (brought under the Civil Rights Act, 42 U.S.C. § 1981) fails because (A) Sarakhman has not plausibly alleged that SMFL denied him a loan based on his race (distinct from his national origin), and (B) Sarakhman has failed to allege any facts supporting a plausible inference of discriminatory intent.

- Count II (brought under the Equal Credit Opportunity Act, 15 U.S.C. § 1691) fails because (A) SMFL did not deny Sarakhman's loan application, and (B) Sarakhman fails to allege that SMFL treated a similarly qualified applicant differently.

- Count III (brought under the New York State Human Rights Law, N.Y. EXEC. LAW § 296-a) and Count IV (brought under the New York City Human Rights Law, N.Y.C. ADMIN.

November 20, 2024
Page 3

         CODE § 8-107.4) fail because neither Sarakhman nor his company is a New York resident, and the Complaint fails to allege any potential harm was suffered in New York.

While Your Honor will ultimately rule on the Motion to Dismiss, at a minimum, SMFL's arguments for dismissal are "not unfounded in the law." *Gandler v. Nazarov,* No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994); *see Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting a stay although the court could not "predict the outcome of the pending motion" where the defendant "put forth in its motion multiple, independent arguments for dismissal and the motion 'appear[ed] not to be unfounded in the law.'") (*citing Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007)). Accordingly, the Court should grant SMFL's motion for a stay of discovery pending the resolution of the Motion to Dismiss.

      **b.  A Stay of Discovery Pending Resolution of the Motion to Dismiss Will Last a "Short Time" and in No Way Prejudice Sarakhman.**

A stay of discovery pending a dispositive motion is particularly appropriate where "the stay is for a 'short' period of time and the other party will not be prejudiced by the stay." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996). Here, SMFL is requesting a stay only through resolution of a fully dispositive Motion to Dismiss, and the stay would not cause undue delay. *See Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.") (*citing Spencer Trask*, 206 F.R.D. at 368). Further, a delay alone does not constitute unfair prejudice, especially where, as here, the other party does not oppose the stay. *Fiordirosa v. Publishers Clearing House, Inc.*, 21-CV-6682 (PKC) (JMW), 2022 WL 3912991, at *3 (E.D.N.Y. Aug. 31, 2022) (staying discovery where plaintiffs did not oppose the motion or identify any prejudice); *Niv*, 2007 WL 510113, at *2 (noting that the mere fact of delay does not give rise to a presumption of prejudice); *Spinelli,* 2015 WL 7302266, at *3 (finding "a delay in discovery, without more, does not amount to unfair prejudice")*.* This is true even where the stay extends beyond the time required for the court to make its ruling on the dispositive motion. *See Integrated Sys. & Power*, 2009 WL 2777076, at *1 (finding stay would not prejudice plaintiff even where briefing on the motion to dismiss was not yet complete); *Negrete*, 2015 WL 8207466, at *1 (granting a motion for stay even where "Plaintiffs [had] not yet had the opportunity to file their opposition papers").

Further, no prejudice would result from a stay of discovery because Sarakhman does not oppose the stay request, and there are no time-sensitive claims at issue. *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* No. 02 Civ. 8853 (SWK)*,* 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003) ("[T]he Court does not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice."). The facts giving rise to this dispute occurred approximately eighteen months prior to SMFL's filing of its Motion to Dismiss. (Dkt. No. 1). The limited additional time spent awaiting a decision on the Motion to Dismiss should not meaningfully impact discovery in this matter, including SMFL's preservation of any relevant

November 20, 2024
Page 4

documents. Also, Sarakhman's request for an extended briefing schedule for the Motion to Dismiss further demonstrates the lack of exigencies in the action.[2]

      c. **Conducting Discovery with the Motion to Dismiss Pending Would Burden the Parties.**

Finally, this Court should grant a stay to avoid the Parties undertaking costly and time-consuming discovery that may ultimately be for naught. "[P]roceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden." *HAHA Glob., Inc. v. Barclays*, No. 1:19-CV-04749 (VEC)(SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citation omitted). Even assuming a portion of Sarakhman's claims survive, by waiting until a decision is reached on the pending Motion to Dismiss, the areas of discovery may be substantially reduced and streamlined. *See Rivera v. Heyman,* No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (finding that ruling on dispositive motion may significantly narrow or eliminate issues in case and that proceeding with discovery would waste resources and cause an undue burden on defendants). Further, if discovery is necessary after the Motion to Dismiss is decided, the Parties resources will be used more efficiently on the issues bearing on the outcome of this matter. *See Thomas v. N.Y.C. Dep't. of Educ.*, No. 09–CV–5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sep. 14, 2010) ("Even if defendants' motion to dismiss is granted only in part, such a ruling will narrow and clarify the scope of the issues in this litigation."). Because conducting discovery at this stage would be unduly burdensome for SMFL and Sarakhman, the Court should grant SMFL's request for a stay.

## III.    Conclusion

For these reasons, SMFL respectfully requests, and Sarakhman does not oppose, that the Court stay discovery pending resolution of the Motion to Dismiss.

Respectfully submitted,

                **LOCKE LORD LLP**

                */s/ Domenic Cervoni*
                Domenic Cervoni
                Christopher B. Fontenelli
                Brookfield Place
                200 Vesey Street, 20th Fl.
                New York, NY 10281
                212-914-2730
                973-520-2301
                domenic.cervoni@lockelord.com
                cfontenelli@lockelord.com

---

[2] Because the Motion to Dismiss was filed on October 22, 2024, Sarakhman's response was originally due on November 6, 2024. However, Sarakhman's counsel requested an extension for his response to December 10, 2024. SMFL consented to the extension, and both Parties agreed upon an extension for the reply to the response.

November 20, 2024
Page 5

Elizabeth J. Casey (*Pro Hac Vice*)
JP Morgan Chase Tower
600 Travis, Ste. 2800
Houston, TX 77002
713-226-1664
elizabeth.casey@lockelord.com

*Attorneys for Sumitomo Mitsui Finance and
Leasing Company, Ltd.*

cc: All Counsel of Record (via ECF)

Application GRANTED. In light of Plaintiff's non-opposition to this request, the Court
hereby STAYS discovery pending resolution of Defendant's motion to dismiss (ECF No.
13). The Clerk of Court is directed to terminate ECF No. 21.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: November 21, 2024
        New York, New York